Roger D. Wiegley (SBN 123537)
Law Offices of Roger D. Wiegley
8721 Santa Monica Boulevard, Suite 706
West Hollywood, CA 90069
Telephone: 888.580.9222
Facsimile: 917.591.8401
rwiegley@wiegleylaw.com

Jennifer J. Wiegley (SBN 262953)
Wiegley Employment Law
1043 Garland Ave, Ste C # 940
San Jose, CA 95126-3159
Email: jenny@welcounsel.com
Telephone: 415-634-7472

Attorneys for Plaintiff
ANIRUDDHA DATTA

Samuel S. Hyde (SBN 327065)
Bailey Hashim (SBN 322098)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
hydes@gtlaw.com
bailey.hashim@gtlaw.com

Attorneys for Defendants
AMAZON.COM, INC.,
AMAZON.COM SERVICES LLC,
and BRIAN VANOVER

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIRUDDHA DATTA, | CASE NO.  3:26-cv-01551-TLT |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| AMAZON.COM, INC.; AMAZON.COM SERVICES LLC, BRIAN VANOVER, an individual; and DOES 1-10, unidentified individuals, | Case Management Conference:<br>Date: June 18, 2026<br>Time: 2:00 p.m. |
| Defendants | |

1

CASE NUMBER 3:26-cv-01551-TLT

JOINT CASE MANAGEMENT STATEMENT

The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." See Fed. R. Civ. P. 16(b)(4).

1.   Jurisdiction and Service:   Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper because a substantial part of the events or omissions giving rise to the claims occurred in this Court's judicial district.  28 U.S.C. § 1391(b)(2).  Service of process is complete on named parties.  Defendants referred to as Does 1-10 have not been identified and the identity of Does 1-10, if any, will not be known until after discovery.

Procedural History:  On November 4, 2025, Plaintiff Aniruddha Datta filed a Complaint in the Superior Court of California, County of San Francisco, against Defendants Amazon.com, Inc. and Brian Vanover.   On November 20, 2025, Plaintiff filed the First Amended Complaint to add Amazon.com Services LLC as a Defendant.  On February 23, 2026, Defendants filed a Notice of Removal to this Court.  On March 2, 2026, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A hearing on Defendants' Motion to Dismiss is scheduled for September 22, 2026.

2.   Facts:

*Plaintiff's Position*: Plaintiff brings this action against the Defendants for age discrimination, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair business practices, and wrongful termination. Plaintiff alleges that he was hired by Amazon in January 2022 to lead the Academic Hiring team within the Science Design Leadership Recruiting and Academic Partnerships organization, where he performed excellently and his team became the most productive specialty recruiting team across Amazon's entire business. In May 2023, Defendant Vanover became Plaintiff's supervisor and, according to Plaintiff, immediately expressed concern about Plaintiff's high salary, which reflected his 25 years of experience in executive recruiting. Defendant Vanover announced a goal to reduce cost-per-hire by 50% and allegedly told Plaintiff at a September 2023 dinner that he felt like he was "serving [him his] last meal" before having to let him go. Shortly thereafter, Plaintiff was accused of sharing confidential information about upcoming layoffs with his team, though Plaintiff

CASE NUMBER 3:26-cv-01551-TLT
JOINT CASE MANAGEMENT STATEMENT

denies sharing any confidential details and asserts he only provided general information similar to what other managers had shared. On November 3, 2023, Plaintiff was terminated for alleged misconduct, and broad layoffs occurred one week later on November 10, 2023.

Plaintiff contends the misconduct allegation was pretextual and that he was actually terminated due to his age (57 years old at termination) and high salary as part of Defendant Vanover's cost-cutting initiative. Plaintiff alleges that terminating him for misconduct rather than including him in the layoffs allowed Defendants to avoid adverse impact analysis that would reveal age discrimination against workers over 40. Plaintiff further alleges that his replacement is significantly younger with less experience and lower compensation. Plaintiff seeks compensatory damages for lost wages and benefits, emotional distress damages, punitive damages, and attorney's fees.

*Defendants' Position*: Defendants deny Plaintiff's claims of age discrimination, wrongful termination, and related causes of action. Amazon is an equal opportunity employer that does not discriminate on the basis of age or any other protected characteristic. Plaintiff was terminated for legitimate, non-discriminatory reasons following a prompt and thorough internal investigation into misconduct involving the unauthorized disclosure of confidential company information.

In October 2023, Defendants initiated an investigation after learning that sensitive information regarding an anticipated reduction in force ("RIF") had been improperly disseminated. The investigation included interviews of multiple witnesses and review of relevant information, and it substantiated that Plaintiff knowingly disclosed confidential RIF-related information—despite clear directives that such information was not to be shared.

The findings were corroborated by witness accounts and Plaintiff's own admissions, and Defendants concluded that Plaintiff violated company policy governing confidentiality and professional conduct, warranting termination.

Defendants deny that Plaintiff's age, compensation, or any protected characteristic played any role in the termination decision. The evidence will show that Plaintiff was terminated for misconduct following a good-faith investigation, and that Plaintiff cannot establish that Defendants' legitimate, non-discriminatory reasons are pretextual.

CASE NUMBER 3:26-cv-01551-TLT

JOINT CASE MANAGEMENT STATEMENT

3.  Legal Issues:  There are legal issues presented in Defendants' Motion to Dismiss. Beyond that, the legal issues, if any, cannot be determined until after Defendants' Motion to Dismiss is decided and discovery has been completed.

4.  Motions:  There is currently one motion pending: Defendants' Motion to Dismiss. A hearing on the motion has been scheduled for September 22, 2026.  If Defendants' Motion to Dismiss is not granted, Defendants intend to file a Motion for Summary Judgment. Additional motions, if any cannot be determined until after Defendants' Motion to Dismiss is decided and discovery (if necessary) has been completed.

5.  Amendment of Pleadings:  If Defendants' Motion to Dismiss is granted in whole or in part and the Court grants leave to amend, the Plaintiff will amend the complaint.  The proposed deadline for any such amendment is 15 days after the Court issues its decision on the motion. Defendants reserve the right to file a further motion to dismiss if warranted. In addition, the First Amended Complaint currently refers to "Does 1-10, unidentified individuals" as defendants.  The Plaintiff may name one or more individuals as defendants to replace Does, depending on the outcome of discovery.  The proposed deadline for any such amendment is 15 days after the deadline for completion of discovery. Defendants reserve the right to oppose any such amendment.

6.  Evidence Preservation:  The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.  Disclosures:  The parties' obligation to provide initial disclosures pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") Rule 26(a)(1) has been superseded by the Court's General Order No. 7 (Initial Discovery Protocols for Employment Cases Alleging Adverse Action).  The deadline for Initial Disclosures is June 15, 2026.

8.  Discovery:  The scope of additional discovery, if any, will depend upon the Court's ruling on Defendants' Motion to Dismiss, any amended complaint filed by Plaintiff (if applicable), and if

CASE NUMBER 3:26-cv-01551-TLT
JOINT CASE MANAGEMENT STATEMENT

necessary the Defendants' answer to the First Amended Complaint (or Second Amended Complaint, if applicable).

9. <u>Class Actions</u>:   This case will not be a class action.

10. <u>Related Cases</u>: There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. <u>Relief</u>:   Plaintiff calculates damages as follows: (i) lost wages of $381,329 (i.e., $4,361.54/week times 87.43 weeks, i.e. November 10, 2023 to July 14, 2025), (ii) loss of 6,572 unvested shares that would have vested in 2024 ($1,314,400, i.e., 6,572 x $200/share) and loss of 6,852 unvested shares that would have vested in 2025 ($1,370,400, i.e., 6,852 x $200/share), for a total of $2,684,800, (iii) emotional distress equal to lost compensation ($3,066,129), (iv) punitive damages equal to lost compensation ($3,066,129), (v) pre-judgment interest, and (vi) legal fees. Defendants deny that Plaintiff is entitled to any of the requested relief and reserve the right to seek attorneys' fees and costs.

12. <u>Settlement and ADR</u>:   The parties plan to engage in private mediation after the ruling on Defendants' Motion to Dismiss.

13. <u>Other References</u>:   This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>:   Issues cannot be narrowed by agreement or by motion, by suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), or by any request to bifurcate issues, claims, or defenses. The only dispositive issue in the case is the true reason for Plaintiff's termination, and that issue will require a jury's determination.

15. <u>Scheduling</u>:

*Plaintiff's Position*: There will be no expert witnesses. Discovery cutoff is proposed to be 60 days following Defendants' Answer to the First Amended Complaint or, if applicable, the Second Amended Complaint.  The deadline for dispositive motions, if any, is proposed to be 30 days following the discovery cutoff.  Pretrial conference and trial is at the convenience of the Court.

*Defendants' Position*: Defendants propose the following scheduling dates:

*Deadline to Amend Pleadings*:                    March 1, 2027

CASE NUMBER 3:26-cv-01551-TLT

JOINT CASE MANAGEMENT STATEMENT

| | |
|---|---|
| *Designation of Experts*: | February 29, 2028 |
| *Dispositive Motion Filing Deadline* | March 22, 2028 |
| *Fact Discovery Cutoff*: | April 4, 2028 |
| *Expert Discovery Cutoff:* | May 3, 2028 |
| *Hearing of Dispositive Motions*: | Tuesday, April 18, 2028 |
| *Pretrial Conference*: | Thursday, April 20, 2028 |
| *Trial*: | Monday, May 22, 2028 |

16. <u>Trial</u>: The case will be tried to a jury, and the expected length of the trial is three days.

17. <u>Disclosure of Non-party Interested Entities or Persons</u>: Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party hereby restates the contents of its certification and affirms there are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

18. <u>Professional Conduct</u>: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. <u>Such other matters as may facilitate the just, speedy and inexpensive disposition of this Matter</u>: None known at this time.

Dated:   June 9, 2026

Attorneys for Plaintiff
**ANIRUDDHA DATTA**

Roger D. Wiegley (SBN 123537)
Law Offices of Roger D. Wiegley
8721 Santa Monica Boulevard, Ste 706
West Hollywood, CA 90069
Email: rwiegley@wiegleylaw.com
Telephone: 888-580-9222
Facsimile: 917-591-8401

Attorneys for Defendants.
**AMAZON.COM, INC.;**
**AMAZON.COM SERVICES LLC**;
**BRIAN VANOVER,**

Samuel S. Hyde (SBN 327065)
Bailey Hashim (SBN 322098)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
hydes@gtlaw.com

CASE NUMBER 3:26-cv-01551-TLT

Bailey.hashim@gtlaw.com

/s/ Jennifer J. Wiegley
_____
Jennifer J. Wiegley (SBN 262953)
Wiegley Employment Law
1043 Garland Ave, Ste C # 940
San Jose, CA 95126-3159
Email: jenny@welcounsel.com
Telephone: 415-634-7472

CASE NUMBER 3:26-cv-01551-TLT

JOINT CASE MANAGEMENT STATEMENT